IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GUSTAVO A. FUENTES ORTIZ, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:09cv0962 (JFA)
)
HAROLD KENT STREET, *et al.*, )
)
Defendants. )
_____)

## MEMORANDUM OPINION

Plaintiff Gustavo A. Fuentes Ortiz ("Mr. Ortiz") has filed a complaint for failure to pay overtime in violation of the Fair Labor Standards Act against Harold Kent Street, K. Street Enterprises, Inc. (trading as Aquatic Construction) and Aquatic Service and Supply, Inc. (trading as Aquatic Service). (Docket no. 1). Currently before the court are plaintiff's motion for default judgment (Docket no. 9) and defendants' motion to set aside default (Docket no. 20). For the reasons stated below, the defendants' motion to set aside default is denied and the court will give the defendants an opportunity to respond to the amount of damages sought by the plaintiff prior to entering a Judgment against the defendants.

### Procedural History

On August 26, 2009, Mr. Ortiz filed his complaint against the defendants. (Docket no. 1). On September 3, 2009, returns of service were filed with the court that did not reflect the actual date that service was performed. (Docket nos. 3, 4, 5). On September 10, 2009, a supplemental proof of service was filed indicating that summonses and complaints were served as shown in the returns of service on August 31, 2009. (Docket no. 6). On September 22, 2009,

Mr. Ortiz filed a request for entry of default that was mailed to the defendants by first class mail on September 22, 2009. (Docket no. 7). The Clerk entered a default against the defendants on September 23, 2009. (Docket no. 8).

On December 9, 2009, Mr. Ortiz filed a motion for default judgment (Docket no. 9) supported with a memorandum and exhibits, including an affidavit from Mr. Ortiz detailing the hours he worked for the defendants and how he was compensated for that work and an affidavit from Mahesh Lamsal providing information concerning the attorney's fees and expenses incurred by Mr. Ortiz through December 9, 2009 (Docket no. 10). The motion for default judgment was noticed for a hearing on January 8, 2010. (Docket no. 11). The motion for default judgment, memorandum and notice of hearing were mailed to the defendants on December 9, 2009. (Docket nos. 9, 10, 11).

On January 7, 2010, counsel entered his appearance for the defendants. (Docket no. 14). At the hearing noticed for January 8, 2010, counsel for Mr. Ortiz and counsel for the defendants appeared and the hearing was continued to February 12, 2010, to give counsel an opportunity to try and resolve the matter. (Docket no. 15). On January 19, 2010, defendants filed a notice of their consent to the jurisdiction of a magistrate judge. (Docket no. 17). The plaintiff had previously filed a notice of consent to the jurisdiction of a magistrate judge (Docket no. 12) and on January 21, 2010, the District Judge entered an Order referring this matter to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket no. 18).

On February 9, 2010, defendants filed a motion to set aside default (Docket no. 20) and an opposition to the motion for default judgment (Docket no. 19). Defendants also filed a memorandum in support of those requests. (Docket nos. 21, 22). On February 9, 2010, Mr.

Ortiz filed a reply opposing the motion to set aside the default and requesting that a default judgment be entered by the court. (Docket no. 23). On February 11, 2010, counsel notified the court that they were willing to have the pending motions decided on the written submissions and the hearing scheduled for February 12, 2010 was cancelled.

## **Factual Background**

In his complaint, Mr. Ortiz alleges that he was employed by the defendants as a pool technician assistant. (Comp. ¶ 9). Mr. Ortiz claims that he worked in excess of forty hours per week, that the defendants were aware that he performed work beyond forty hours each week, and that he was not compensated properly for all the hours he worked for the defendants. (Comp. ¶¶ 11, 13). Mr. Ortiz also alleges that one of the checks he received from the defendants for his pay was returned due to insufficient funds and he incurred a fee as a result. (Comp. ¶ 16). While the complaint states that Mr. Ortiz was to be paid at a rate of $10.00 an hour (Comp. ¶ 12) and that he was not compensated for all the regular and overtime hours he worked (Comp. ¶ 17), it does not state the total amount sought for compensatory damages, liquidated damages or attorney's fees and costs.

The summons and complaint were served on the corporate defendants (K Street Enterprises, Inc. and Aquatic Service and Supply, Inc.) by providing a copy to Ms. Seaward, the office manager, on August 31, 2009. (Docket nos. 3, 4, 6). The summons and complaint was served on Mr. Street by posting on his front door on August 31, 2009. (Docket nos. 5, 6).[1] After no responsive pleading was filed within twenty days after service, the plaintiff filed a request for entry of default. (Docket no. 7). On September 23, 2009, the Clerk entered a default against the

---

[1] A copy of the request for entry of default, the motion for default judgment, the memorandum in support of the motion for default judgment and the notice of hearing were mailed to Mr. Street in compliance with Virginia Code §8.01-296(2)(b). (Docket nos. 7, 9, 10, 11).

3

defendants. (Docket no. 8). Plaintiff filed his motion for default judgment with supporting papers on December 9, 2009, and provided the defendants with thirty days notice of the hearing set for January 8, 2010. (Docket nos. 9, 10, 11). The motion for default judgment includes an affidavit from Mr. Acin providing information indicating that the individual defendant Harold Kent Street is not an infant, incompetent person, incarcerated or in active military service. (Docket no. 9, Ex. 3). The memorandum in support of the motion for default judgment included an affidavit from Mr. Ortiz (Docket no. 10, Ex. 3) and an affidavit from Mahesh Lamsal (Docket no. 10, Ex. 4).

The affidavit from Mr. Ortiz states that he was employed by the defendants as a pool technician assistant from approximately May 7, 2009 through June 27, 2009, working six days a week and working over forty hours each week. Mr. Ortiz states that he was to be paid at a rate of $10.00 an hour and that he did not receive any overtime pay for the hours he worked in excess of forty hours per week. Mr. Ortiz provides a list of the days he worked and the number of hours worked each day from May 7 through June 27, 2009, as Exhibit A to his affidavit. For the period from May 7, 2009 through May 21, 2009, Mr. Ortiz states he worked 36.5 overtime hours for which he was compensated his regular rate of pay. Mr. Ortiz claims he is entitled to an additional $5.00 per hour for these overtime hours for a total of $182.50. Mr. Ortiz states that the check he received from the defendants for work performed from May 22 through May 27, 2009 was returned for insufficient funds and he did not receive any compensation for the time he worked that week. In addition, Mr. Ortiz states that the defendants failed to compensate him for the time he worked from May 29 through June 27, 2009. Mr. Ortiz states that from May 22 through June 27, 2009 he worked a total of 200.5 regular hours and 95.5 overtime hours for which he was never compensated. Calculating the amount owed for the regular hours at the

federal minimum wage of $6.55 an hour and the amount owed for overtime wages at $15.00 an hour, Mr. Ortiz claims he is owed $1,313.28 for the regular hours he worked and $1,432.50 for the overtime hours he worked. Therefore, the total amount he claims in the motion for default judgment is $2,745.78 in compensatory damages and the same amount as liquated damages.

The affidavit from Mahesh Lamsal includes the billing statement for Mr. Ortiz indicating that from July 14 through December 9, 2009, the Law Offices of Lewis and Associates recorded slightly over 20 hours on this matter and incurred expenses of $388.07. (Docket no. 10, Ex. 4). The time spent on this matter included research and drafting the complaint; preparing a demand letter to send to the defendants; filing and arranging for service of the summons and complaint; preparing and filing the request for entry of default; and preparing and filing the motion for default judgment. The hourly rate charged by counsel for these services was $225.00. The expenses include the filing fee of $350.00, postage, mileage and parking, and fees for obtaining certificates concerning the Service Members' Civil Relief Act.

The night before the hearing on the motion for default judgment, counsel filed a notice of appearance on behalf of the defendants. (Docket no. 14). Counsel for Mr. Ortiz and the defendants appeared at the hearing on January 8, 2010, and the court continued the hearing on the motion for default judgment until February 12, 2010, to give counsel an opportunity to resolve the case. A month later, on February 9, 2010, counsel for the defendants filed an opposition to the motion for default judgment, a motion to set aside the default and a memorandum in support. (Docket nos. 19-22). In support of the opposition and motion to aside the default, Mr. Street submitted an affidavit in which he states he became aware of Mr. Ortiz' lawsuit in September, 2009 and that he "had a hectic work and personal schedule at that time and did not give it appropriate attention." (Docket no. 21, Ex. 1 ¶¶ 9, 10). It was not until Mr. Street

received Mr. Ortiz' motion for default judgment, that he hired an attorney on January 7, 2010. (Docket no. 21, Ex. 1 ¶ 11).[2] Mr. Street also disputes that he personally hired Mr. Ortiz and states that he only encountered Mr. Ortiz on a couple of occasions, that Mr. Ortiz turned in few (if any) timesheets for the work completed and that he did not authorize Mr. Ortiz to perform the regular or overtime hours claimed in the affidavit. (Docket no. 21, Ex. 1 ¶¶ 6-8).

Plaintiff filed a response to the motion to set aside the default arguing that no good cause has been shown in light of defendants' awareness of this action since at least September 2009 and the knowledge of the default in at least October 2009 through communications in a proceeding similar to this action filed by Jose Ortiz (Civil Action no. 1:09cv0961 (TSE/TRJ)). (Docket no. 23). Plaintiff also argued that the defendants do not present any meritorious defense to the claims raised in the complaint.

## Motion to Set Aside Default

The defendants have moved the court to set aside the default entered on September 23, 2009, arguing that they have a meritorious defense to the claims asserted by the plaintiff. Defendants also claim they have "acted with reasonable promptness to address Plaintiff's claims." After reviewing the submission from the defendants, including the affidavit from Mr. Street, the court finds that the defendants have failed to establish good cause for setting aside the default and the motion to set aside default will be denied.

There is no dispute that Mr. Street was aware of this action in at least September 2009. (Street Affid. ¶ 9). The summonses and complaints were served on the defendants on August 31, 2009. The corporate defendants were served by personal service on the office manager for the corporations. Mr. Street was served by posting on his front door pursuant to Virginia Code

---

[2] The motion for default judgment was mailed to the defendants on December 9, 2009.

6

§8.01-296(2)(b).[3] Furthermore, the record reflects that a copy of the request for entry of default was mailed to the defendants on September 22, 2009 (Docket no. 7) and that the motion for default judgment and supporting papers were mailed to the defendants on December 9, 2009 (Docket nos. 9-11). According to the affidavit from Mr. Street, he waited until January 7, 2010 (the day before the hearing on the motion for default judgment) to retain counsel in this matter. (Street Affid. ¶ 11).[4] The only reason provided by Mr. Street is that he "had a hectic work and personal schedule at the time and did not give it appropriate attention." (Street Affid. ¶ 10).

Pursuant to Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for good cause. The defendants cite two cases in support of their request to set aside this default. In *Moran v. Mitchell*, 354 F. Supp. 86, 87 (E.D. Va. 1973), the court stated "the court should ordinarily set one [entry of default] aside unless the movant fails to present a reasonable excuse for his neglect or fails to show he has a meritorious defense to the merits of the action." In that case the defendants' filed a timely motion to dismiss that was denied by the court. The defendants then filed a plea of collateral estoppel, again moving to dismiss the action. However, because of counsel's mistaken belief as to the applicable time period, the plea was filed 15 days after the entry of the order denying the motion to dismiss and not within ten days as required by the applicable Federal Rule of Civil Procedure. Plaintiff obtained a default against the defendants (even though defendants' counsel contacted plaintiff's counsel and requested consent

---

[3] Mr. Street admits becoming aware of the lawsuit in September 2009 and his counsel has made a general appearance in this case that would waive any issues relating to service of the summons and complaint.

[4] Counsel representing the defendants in this action is the same counsel representing the defendants in the Jose Ortiz matter (Civil Action 1:09cv0961 (TSE/TRJ)). In that case, counsel made an appearance and moved to set aside the default on October 29, 2009, five weeks after the default had been entered and two weeks after the motion for default judgment had been served. In this case an appearance was not made until more than three months after the default had been entered and four weeks after the motion for default judgment had been filed and the motion to set aside the default was not filed until a month later.

to the late filing) and the defendants moved to set aside the default. The facts of that case are dramatically different than those before this court. The defendants in the case before this court never made a timely appearance and they admittedly waited over four months from when they had notice of the action to even retain counsel.

In *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir. 1967), the Fourth Circuit noted that "a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." However, in the following sentences, the Fourth Circuit found that "the defendant did not act promptly. The default was entered on August 26, 1964, and the motion to set it aside was not made until November 10, 1964, after more than two and one-half months had elapsed." *Id.* In the case before this court, more than four months had elapsed since the entry of the default and the filing of the motion to set aside and no reason for the delay was given other than a "hectic" schedule.

Under these circumstances, the court finds that good cause has not been shown for setting aside the default.

## Motion for Default Judgment

Having determined that defendants' motion to set aside the default should be denied, the court now turns to the plaintiff's motion for default judgment. Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the defendants' failure to file a responsive pleading in a timely manner, the Clerk has entered a default. (Docket no. 8). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also*

*GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In this case, the complaint that was served on the defendants did not allege the amount of regular or overtime wages that were due and owing. As a result, the court will allow the defendants to submit any evidence they may have to contest **the amount** of the regular and overtime wages detailed in the motion for default judgment and the amount of the attorney's fees and costs to be awarded.[5] To be clear, the court finds that each and every **factual** averment in the complaint is deemed admitted as a result of the defendants' failure to file a timely response and the Clerk's entry of a default. However, since the exact amount claimed by the plaintiff was not specified in the complaint, defendants will be given an opportunity to present any evidence they deem appropriate to respond to the number of hours Mr. Ortiz claims to have worked during the period from May 7 to June 27, 2009, the calculation of the regular and overtime rates due (using the rate of $10.00 an hour as alleged in paragraph 12 of the complaint) and the reasonableness of the attorney's fees and expenses sought by the plaintiff. Defendants may file (and deliver a copy to the undersigned chambers) any argument and evidence as to the above matters by no later than 5:00 p.m. on Wednesday, February 24, 2010 and plaintiff may file any response (including a supplementation of the

---

[5] If defendants pursue the defense of this action any further, the court will allow the plaintiff to supplement the request for attorney's fees to include the additional attorney's fees and expenses incurred since December 9, 2009. Otherwise, the plaintiff will be limited to the fees and expenses itemized in the motion for default judgment.

attorney's fees and expenses sought if defendants contest this matter further) by 5:00 p.m. on Wednesday, March 3, 2010.

After reviewing the submissions of the parties, the court will let counsel know if an additional hearing is needed. Otherwise, the court will enter a judgment based on the submissions.

Entered this 16 day of February, 2010.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia